IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARRETT H. DYBALSKI                                                                                      PLAINTIFF

v.                                       Civil No. 4:23-cv-04011

DAISY SMITH; KAREN GHROMLEY; and
CORRECTIONAL OFFICER CAMERON SHELTON                                      DEFENDANTS

### ORDER

Plaintiff, Garrett H. Dybalski, originally filed this 42 U.S.C. § 1983 action *pro se* on February 7, 2023 in the Eastern District of Arkansas. (ECF No. 2). Along with his Complaint, Plaintiff submitted an Application to Proceed *in forma pauperis* ("IFP").[1] (ECF No. 1). The Eastern District Court transferred the case to this Court on February 10, 2023. (ECF No. 3). Currently before the Court is Plaintiff's failure to keep the Court informed of his current address and comply with Court orders.

Upon review of Plaintiff's transferred Complaint, the Court determined an amendment was necessary. On February 13, 2023, the Court ordered Plaintiff to submit his Amended Complaint by March 6, 2023. (ECF No. 6). This Order was mailed to Plaintiff's address of record but returned as undeliverable mail.

On March 7, 2023, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's February 13, 2023 Order. (ECF No. 7). This Order was mailed to Plaintiff's address of record but also returned as undeliverable mail.

The Court notes since Plaintiff's case was transferred from the Eastern District of Arkansas, he has not communicated in any way with the Court. The only address available to the

---

[1] Plaintiff's IFP Application has not yet been considered, but it is rendered moot by this Order of dismissal.

Court is the address included in Plaintiff's original Complaint—the Hot Spring County Jail. However, all mail sent to the Hot Spring County Jail has been returned as undeliverable mail.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders and keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge